IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IAN BLAKE,                              :
                                        :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :          CIVIL ACTION NO.
                                        :          1:14-CV-1278-LMM
                                        :
24 HOUR TIRESHOP, LLC, and              :
MATTHIAS O. AGURD,                      :
                                        :
        Defendants.                     :

## ORDER

This case comes before the Court on Plaintiff Ian Blake's Motion for

Sanctions against Defendants 24 Hour Tireshop, LLC and Matthias Agurd [27].

Plaintiff asks the Court to grant default judgment against both Defendants. After

a review of the record and due consideration, the Court enters the following

Judgment:

On April 29, 2014, Plaintiff brought this case against Defendants seeking

compensation for minimum wage, overtime, and retaliation pursuant to the Fair

Labor Standards Act ("FLSA"). Dkt. No. [1]. On March 26, 2015, the Clerk

entered default against Defendant 24 Hour Tireshop, LLC for failure to obtain

counsel. Dkt. No. [28]. Plaintiff subsequently filed a motion for sanctions asking

the Court to grant default judgment against both Defendants. Dkt. No. [29]. In an

Order dated July 23, 2015, the Court directed the Clerk to enter default against Defendant Agurd and ordered the parties to appear at a hearing to determine damages. Dkt. No. [30]. A hearing was held on August 4, 2015, at 2 p.m., where Plaintiff presented unopposed evidence of Defendants' violations of the FLSA and the resulting damages.

In the July 23, 2015 Order, the Court found that Plaintiff's Complaint is well-pleaded and states a prima facie case for violations of the FLSA's minimum wage, overtime, and retaliation provisions. Dkt. No. [30] at 5-6; See Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) ("[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought."); Harmon v. Elkins Wrecker Serv., Inc., No. 1:12-cv-758-JEC, 2013 WL 2457957, at *6 (N.D. Ga. June 6, 2013) (stating that a prima facie case for a violation of minimum wage or overtime requires plaintiff to show "as a matter of just and reasonable inference that the wages paid to him did not satisfy the requirements of the FLSA"); Id. at *7 ("In order to meet its prima facie burden on a FLSA retaliation claim, a plaintiff must demonstrate that (1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action.").

2

Because Defendants are in default and admit Plaintiff's allegations, the Court finds that: (1) Plaintiff worked for Defendants for 29 weeks between June 16, 2013 and January 23, 2014; (2) Plaintiff worked 72 hours per week; (3) In accordance with the FLSA, Defendants should have paid Plaintiff a total of $18,502.00 during those 29 weeks ($638.00 per week); and (4) Defendants in fact paid Plaintiff $8,426.55 during those 29 weeks. See generally Dkt. No. [29-4]; Dkt. No. [32]. At the hearing, Plaintiff testified that he worked 7 a.m. to 7 p.m. shifts six days a week performing various jobs for Defendants. Accordingly, the Court finds that Plaintiff is entitled to $10,075.45 in unpaid wages and an additional $10,075.45 in liquidated damages. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.").

The Court also finds that: (1) Plaintiff complained about Defendants' pay practices to the Department of Labor; (2) Plaintiff was effectively terminated from his position; and (3) Plaintiff's termination was in retaliation for his complaint to the Department of Labor. Unlike damages for lost wages and overtime, damages resulting from retaliation are left to the discretion of the court. 29 U.S.C. § 216(b) ("Any employer who violates the [the retaliation provision] of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of [the retaliation provision] of this title,

including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."); Moore v. Appliance Direct, Inc., 708 F.3d 1233 (11th Cir. 2013) ("We therefore hold that the retaliation provision of 29 U.S.C. § 216(b) gives the district court discretion to award, or not to award, liquidated damages, after determining whether doing so would be appropriate under the facts of the case."). At the August 4, 2015 hearing, Plaintiff testified that he complained to the Department of Labor about Defendants' pay practices in December 2013. Then, Defendants started reducing Plaintiff's hours on January 24, 2014, and after February 20, 2014, Defendants took Plaintiff off the work schedule entirely. These actions constitute an effective termination of Plaintiff's employment in retaliation for his complaints. The Court awards Plaintiff six months of lost wages minus other income received as a result of his termination, equaling $14,440.00.[1] The Court also finds that an equal amount of liquidated damages are warranted to effectuate the purposes of the FLSA's retaliation provision.

Additionally, the Court finds that Plaintiff's attorney's fees are reasonable. Plaintiff has properly supported his fee request with an affidavit for the Court's review. Plaintiff's counsel has worked at least 30 hours on this case, and the Court finds his hourly rate of $400.00 is reasonable. See Decl. of David S. Fried,

---

[1] Six months of wages at $638.00 per week totals $16,588.00. After subtracting Plaintiff's other income of $2,148.00, the Court awards $14,440.00 in lost wages as a result of Defendants' retaliation.

Dkt. No. [29-5] ¶¶ 5-6. Thus, the Court finds that Plaintiff's request for $12,000.00 in attorney's fees is appropriate.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff Ian Blake recover from Defendants 24 Hour Tireshop, LLC and Matthias Agurd:

1. $10,075.45 in minimum wage and overtime damages,

2. $10,075.45 in liquidated damages resulting from Defendants' violations of the FLSA's minimum wage and overtime provisions,

3. $14,440.00 in retaliation damages,

4. $14,440.00 in liquidated damages resulting from Defendants' violation of the FLSA's retaliation provision, and

5. attorney's fees in the amount of $12,000.00.

The total amount to be recovered is **$61,030.90**.

It is further **ORDERED AND ADJUDGED** that pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in this Default Judgment as the interests of justice require the issuance of judgment as requested without further delay.

The Clerk is **DIRECTED** to close this case.


**IT IS SO ORDERED** this __17ᵗʰ__ day of August, 2015.

**Leigh Martin May**
**United States District Judge**